**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

EDUARDO NUNO SUAREZ,

      Petitioner,

  v.

TODD BLANCHE, *et al.*,

      Respondents.

**ORDER GRANTING WRIT OF HABEAS CORPUS**

Case No. 2:26-cv-01516-RFB-DJA

Before the Court is Mr. Eduardo Nuno Suarez's Amended Petition for Writ of Habeas Corpus (ECF No. 14). Through it, Mr. Suarez argues that his ongoing detention at the hands of Immigration and Customs Enforcement ("ICE") is unlawful under: (i.) Jacobo Ramirez v. Mullin, --- F. Supp. 3d. ---, 2026 WL 879799 (D. Nev. Mar. 30, 2026); (ii.) the Immigration and Nationality Act; and (iii.) the Due Process Clause of the Fifth Amendment. On July 9, 2026, the Court heard argument on the Amended Petition and advised the Parties that it would issue a written decision memorializing its ruling. See generally Mins. of Proceedings, ECF No. 22 (July 9, 2026). Having reviewed the record, and considered the Parties' arguments, the Court finds that Mr. Suarez is being detained "in violation of the Constitution [and] laws . . . of the United States." 28 US.C. § 2241(c)(3). Accordingly, the Court grants the Amended Petition, awards Mr. Suarez a writ of habeas corpus, and orders Respondents to release him from government custody.

### I.    FINDINGS OF FACT

From the outset, the Court makes the following findings of fact based on the Parties undisputed factual allegations and the evidence they supply. See Carlson v. Landon, 186 F.2d 183, 188 (9th Cir. 1950).

First, the Court finds that Mr. Suarez is a member of the <u>Jacobo Ramirez</u> Class, as he satisfies all criteria of the class definition. <u>Cf.</u> <u>Jacobo Ramirez</u>, 2026 WL 879799, at *4; <u>see also</u> Am. Pet. for Writ of Habeas Corpus 6, ECF No. 14 (June 10, 2026) [hereinafter, "Pet."]. First, he is an undocumented noncitizen who is actively being detained by ICE. <u>See</u> Pet. at 5; R. of Deportability/Inadmissibility 1–2, ECF No. 14-2 [hereinafter, "I-213"]. Second, he is in removal proceedings before the Las Vegas Immigration Court, which sits in the United States District of Nevada. <u>See</u> Pet. at 5; Notice of In-Person Hr'g 1, ECF No. 14-4. Third, DHS alleges that Petitioner entered the United States without inspection, admission, or parole. <u>See</u> Pet. at 5; I-213 at 2; Notice to Appear 5, ECF No. 8-1. Fourth, Respondents are detaining him pursuant to § 1225(b)(2)(A); in other words, the government is not asserting that Petitioner is subject to detention under §§ 1226(c), 1225(b)(1), or 1231. <u>See</u> Pet. at 5; Notice Regarding Class Membership 1–2, ECF No. 15. Fifth, he was detained well within our country's interior, long after he entered the United States. <u>See</u> Pet. at 5; I-213 at 2. In sum, Mr. Suarez falls neatly within the class definition and is entitled to the relief afforded to the class by this Court. <u>Cf.</u> <u>Navarro v. Mukasey</u>, 513 F.3d 729, 737 (9th Cir. 2008).[1]

Second, the Court finds that ICE did not conduct an initial custody determination for Mr. Suarez shortly after arresting him. In spite of this Court's explicit instructions, Respondents have not presented any evidence which demonstrates that they performed an initial custody determination for Petitioner. <u>See</u> Order 3, ECF No. 4 (May 19, 2026). Therefore, the Court concludes that it never occurred.

## II.    CONCLUSIONS OF LAW

On this record, the Court makes the following conclusions of law.

First, Mr. Suarez's detention is statutorily, and judicially, unlawful. Respondents' only basis for detaining Petitioner is § 1225(b)(2)(A). <u>See generally</u> Notice Regarding Class

---

[1] While Respondents initially agreed, <u>see</u> Notice Regarding Class Membership 1, ECF No. 17 (June 15, 2026), they have since reversed course, arguing that Mr. Suarez falls beyond the class because he recently received a bond hearing. <u>See</u> Suppl. Notice Regarding Class Membership 1, ECF No. 21 (July 7, 2026). In doing so, Respondents fail to engage with the class definition. Indeed, they do not offer *any* reasoning as to why a *post-hoc* bond hearing somehow places a noncitizen beyond the <u>Jacobo Ramirez</u> Class. As such, the Court rejects this unpersuasive, unsupported argument.

- 2 -

Membership, ECF No. 17 (June 15, 2026); Suppl. Notice Regarding Class Membership, ECF No. 21 (July 7, 2026). But Mr. Suarez belongs to the Jacobo Ramirez Class, and this Court has already declared that class members "are not subject to detention under § 1225(b)(2)(A);" instead, "they are subject to detention under 8 U.S.C. § 1226(a) and its implementing regulations," which supply a suite of procedural protections to noncitizens. See Jacobo Ramirez, 2026 WL 879799, at *33. Thus, the Court concludes that Mr. Suarez's ongoing detention violates the INA and this Court's class-wide declaratory judgment.

Second, Respondents are violating the Constitution by detaining Petitioner. For reasons articulated in Quijay Garcia v. Mattos, No. 2:26-cv-01205-RFB-BNW, 2026 WL 1972386, at *4–8 (D. Nev. July 8, 2026), which are incorporated by reference herein, Mr. Suarez is entitled to the procedures afforded by § 1226(a)'s regulatory scheme under the Due Process Clause of the Fifth Amendment. Amongst other things, the Court finds that Petitioner's arbitrary detention—which occurred without any pre-deprivation process—violates his right to procedural due process. And a post-hoc bond hearing that attempts to rationalize Respondents' arbitrary conduct cannot cure their unconstitutional actions.

Third, the Court concludes that Mr. Suarez must be released from government custody. Put succinctly, ICE did not comply with § 1226(a) and its implementing regulations in detaining Petitioner. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196–97 (9th Cir. 2022). Specifically, ICE did not perform an initial custody determination for Petitioner at the outset of his detention. Consequently, his detention has been unlawful from the very moment it began. In Quijay Garcia, the Court held that immediate release, and prophylactic injunctive relief, is the appropriate equitable remedy for a similarly situated noncitizen, who faced: (i.) similar statutory, regulatory, and constitutional violations; (ii.) Respondents' pattern of noncompliance with this Court's orders; and (iii.) Respondents' open defiance of the class-wide declaratory judgment. See Quijay Garcia, 2026 WL 1972386, at *8–11. The Court incorporates that holding, and its underlying reasoning, by reference herein and finds that the same remedy is appropriate here.

///

///

### III.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** Petitioner's Amended Petition for Writ of Habeas Corpus (ECF No. 14) is **GRANTED**. Respondents must **RELEASE** Petitioner from detention on **July 10, 2026**, between the hours of **12:00 P.M. and 3:00 P.M.** Counsel for Petitioner—and/or their agent—must be permitted to wait for Petitioner in the lobby of the Federal Justice Tower during this release window.

**IT IS FURTHER ORDERED** Petitioner must be released on his own recognizance. Thus, Respondents are **ENJOINED** from imposing conditions on Petitioner's liberty unless Respondents have established the reasonableness of those conditions at a pre-deprivation hearing.

**IT IS FURTHER ORDERED** Respondents must **RETURN** Petitioner's personal property—including personal identification and/or employment authorization documents—upon his release.

**IT IS FURTHER ORDERED** Respondents are permanently **ENJOINED** from detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A).

**IT IS FURTHER ORDERED** that Respondents may not re-detain Petitioner during the pendency of his current removal proceedings until after an immigration court hearing is held, with adequate notice, to determine whether detention is appropriate under the INA and its implementing regulations. At this hearing, the government bears the burden of establishing that detention is appropriate by clear and convincing evidence.

**IT IS FURTHER ORDERED** the Parties must file a **JOINT STATUS REPORT** by **July 13, 2026**, which confirms Respondents' compliance with this Order. The joint status report should: (i.) include the date and time of Petitioner's release; (ii.) confirm that Petitioner was released on his own recognizance; and (iii.) confirm that Respondents returned Petitioner's personal property.

The Court will consider contempt sanctions against any, and all, officials who fail to comply with this Order.

///

///

- 4 -

The Clerk of Court is kindly instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. To that end, Petitioner may move to re-open this case without filing a new action.

**DATED:** July 9, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**